# Exhibit A

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

| | |
|---|---|
| JASON WASHINGTON | Index No. |
| | Plaintiff designates Erie |
| | County as the place of trial |
| Plaintiff, | The basis of venue is |
| | Defendant's place of business |
| vs. | |
| | **SUMMONS** |
| COUNTY OF ERIE | |
| 95 Franklin Street | Defendant conducts business |
| Buffalo, New York 14202 | 95 Franklin Street |
| | Buffalo, New York 14202 |

ERIE COUNTY SHERIFF TIMOTHY HOWARD, formerly,
Individually and in his official capacity
11523 Carpenter Road
South Wales, New York 14139

ERIE COUNTY SHERIFF SERGEANT WILGUS
10 Delaware Avenue
Buffalo, New York 14202

ERIE COUNTY SHERIFF DEPUTY MCGEE
10 Delaware Avenue
Buffalo, New York 14202

ERIE COUNTY SHERIFF DEPUTY WALKER
10 Delaware Avenue
Buffalo, New York 14202

ERIE COUNTY SHERIFF'S
DEPUTIES/SERGEANTS/LIEUTENANTS/CORRECTIONS
OFFICERS JOHN AND JANE DOES
10 Delaware Avenue
Buffalo, New York 14202

Defendants.

---

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of

appearance, on the Plaintiff's Attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED:    Buffalo, New York
               July 29, 2023                           **PENBERTHY LAW GROUP LLP**

                                                          By: /s/ Brittany L. Penberthy
                                                          BRITTANY L. PENBERTHY, ESQ.
                                                          Attorneys for Plaintiff
                                                          Office and P.O. Address
                                                          227 Niagara Street
                                                          Buffalo, New York 14201
                                                          (716) 803-8402

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

JASON WASHINGTON                                               Index No.

                  Plaintiff,

vs.
                                                **COMPLAINT**

COUNTY OF ERIE
95 Franklin Street
Buffalo, New York 14202

ERIE COUNTY SHERIFF TIMOTHY HOWARD, formerly,
Individually and in his official capacity
11523 Carpenter Road
South Wales, New York 14139

ERIE COUNTY SHERIFF SERGEANT WILGUS
10 Delaware Avenue
Buffalo, New York 14202

ERIE COUNTY SHERIFF DEPUTY MCGEE
10 Delaware Avenue
Buffalo, New York 14202

ERIE COUNTY SHERIFF DEPUTY WALKER
10 Delaware Avenue
Buffalo, New York 14202

ERIE COUNTY SHERIFF'S
DEPUTIES/SERGEANTS/LIEUTENANTS/CORRECTIONS
OFFICERS JOHN AND JANE DOES
10 Delaware Avenue
Buffalo, New York 14202

                  Defendants.

---

        Plaintiff, above named, by his attorneys PENBERTHY LAW GROUP LLP, for his

Complaint against the Defendants, COUNTY OF ERIE, former ERIE COUNTY SHERIFF

TIMOTHY HOWARD, individually and in his official capacity, ERIE COUNTY SHERIFF SERGEANT WILGUS, ERIE COUNTY SHERIFF DEPUTY MCGEE, ERIE COUNTY SHERIFF DEPUTY WALKER, and ERIE COUNTY SHERIFF'S DEPUTIES/SERGEANTS/LIEUTENANTS/CORRECTION OFFICERS JOHN AND JANE DOES alleges:

## PRELIMINARY FACTS AND PARTIES

1. At the time of the incident described herein, the plaintiff, JASON WASHINGTON, was a resident of the City of Buffalo located within the County of Erie and the State of New York, and housed as an inmate at Defendants' facility, commonly known as Erie County Correctional Facility and located at 11581 Walden Avenue within the Village of Alden, County of Erie and the State of New York

2. Upon information and belief, the Defendant, COUNTY OF ERIE, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

3. Upon information and belief, at all times hereinafter mentioned, the defendant, former ERIE COUNTY SHERIFF TIMOTHY HOWARD, (hereinafter referred to as "HOWARD") individually and in his official capacity, was and still is a resident of the County of Erie and the State of New York. At present time, Defendant HOWARD is no longer serving as Erie County Sheriff, but at all times hereinafter mentioned, was duly serving as Sheriff of Erie County, New York.

4. Upon information and belief, at all times hereinafter mentioned, Defendant COUNTY OF ERIE was the owners of certain premises commonly known as Erie County Correctional Facility located at 11581 Walden Avenue within the Village of Alden, County of Erie and the State of New York.

5. Upon information and belief, at all times hereinafter mentioned, Defendants ERIE COUNTY SHERIFF SERGEANT WILGUS, ERIE COUNTY SHERIFF DEPUTY MCGEE, ERIE COUNTY SHERIFF DEPUTY WALKER. and ERIE COUNTY SHERIFF'S DEPUTIES/SERGEANTS/LIEUTENANTS/CORRECTION OFFICERS JOHN AND JANE DOES (hereinafter collectively referred to as "Individual Defendants") were and still are residents of the County of Erie and the State of New York.

6. Upon information and belief, at all times hereinafter mentioned, Defendants ERIE COUNTY SHERIFF SERGEANT WILGUS, ERIE COUNTY SHERIFF DEPUTY MCGEE, ERIE COUNTY SHERIFF DEPUTY WALKER. and ERIE COUNTY SHERIFF'S DEPUTIES/SERGEANTS/LIEUTENANTS/CORRECTION OFFICERS JOHN AND JANE DOES, were employed by the defendants, COUNTY OF ERIE and former ERIE COUNTY SHERIFF TIMOTHY HOWARD, as sheriffs, and at all relevant times mentioned herein were acting in their capacity as sheriff's officers in accordance with the policies, directives, initiatives, both express, implied and as a matter of custom of the municipal defendants COUNTY OF ERIE, and former ERIE COUNTY SHERIFF TIMOTHY HOWARD.

7. Each of the acts alleged below of the Individual Defendants were performed in the course of their employment with Defendant ERIE COUNTY, within the Sheriff's Department, and were performed under the color of the law, statutes, ordinances, regulations, customs, and usages of the State of New York, County of Erie.

8. Upon information and belief, at all times hereinafter mentioned, the defendants, COUNTY OF ERIE and/or ERIE COUNTY SHERIFF TIMOTHY HOWARD, individually and in his official capacity, by their agents, servants and/or employees, operated, maintained, managed, and controlled the correctional facility at the aforesaid premises.

9. On or about March 9, 2021, Plaintiff Jason Washington had been in a solitary confinement cell, "keeplock", within Erie County Correctional Facility, when his cell began to flood with water at approximately 11:00a.m.

10. Defendants made efforts to address certain areas of flooding outside of Plaintiff's cell.

11. Plaintiff complained of the continuous and growing flood waters within his own cell throughout the day of March 9, 2021.

12. At approximately 9:00p.m., when returning from a brief medical visit for breathing issues, Plaintiff requested materials to address the nearly 2 inches of water that had remained in his cell during the course of the day, and was denied the same.

13. In an effort to purportedly force Plaintiff into the flooded cell, ERIE COUNTY SHERIFF SERGEANT WILGUS, ERIE COUNTY SHERIFF DEPUTY MCGEE, ERIE COUNTY SHERIFF DEPUTY WALKER. and ERIE COUNTY SHERIFF'S DEPUTIES/SERGEANTS/LIEUTENANTS/CORRECTION OFFICERS JOHN AND JANE DOES forcibly placed Plaintiff on the ground face down, handcuffed, and shackled, all while he is punched, kicked, assaulted, and fingers bent by the same persons.

14. Plaintiff excessively sustained kicks and punches to the face, back, ribs, hands, causing serious physical injuries, including a fractured finger, by Defendants.

15. Plaintiff is then escorted to medical, who denies to provide treatment for the above-referenced injuries.

16. Plaintiff is returned to the flooded cell for several more hours, until it is eventually cleaned.

17. With continued complaints of pain about his body, several days later Plaintiff is returned to medical, where it is determined he did in fact suffer a fracture of his finger in the incident, coupled with his other injuries.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANTS, ABOVE-NAMED,
THE PLAINTIFF, JASON WASHINGTON, ALLEGES:**

18. Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. Upon information and belief, Defendants ERIE COUNTY SHERIFF SERGEANT WILGUS, ERIE COUNTY SHERIFF DEPUTY MCGEE, ERIE COUNTY SHERIFF DEPUTY WALKER. and ERIE COUNTY SHERIFF'S DEPUTIES/SERGEANTS/LIEUTENANTS/CORRECTION OFFICERS JOHN AND JANE DOES were acting in their official capacity as sheriff's officers, pursuant to the authority granted to them and pursuant to the policies, initiates, directives, express and implied of the municipal defendants, COUNTY OF ERIE and ERIE COUNTY SHERIFF TIMOTHY HOWARD, and while acting under color of state law, without probable cause or legal privilege or justification to do so, unlawfully assaulted and battered Plaintiff so forcibly and in violation of their own policy on use of force, in violation of his Fourth and Fourteenth Amendment rights under the Federal Constitution, actionable against said defendants under 42 U.S.C. § 1983.

20. The Individual Defendants used excessive force against Plaintiff, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

21. The Individual Defendants further failed to intervene to stop the use of excessive force against Plaintiff, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

22. The Individual Defendants' misconduct caused Plaintiff immediate and ongoing injuries, including severe bodily pain and suffering, mental anguish, and emotional distress. Plaintiff has also suffered the pain and inconvenience as a result his injuries.

23. The Individual Defendants acted maliciously, with evil intent, and with reckless or callous indifference to Plaintiff's federally protected rights, warranting an award of punitive damages.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANTS, ABOVE-NAMED,
THE PLAINTIFF, JASON WASHINGTON, ALLEGES:**

24. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. Plaintiff's conditions of confinement complained of herein, namely the requirement he be contained in an unsanitary and prolonged flooded cell, were purposefully punitive, both before and after the assault upon Plaintiff.

26. Subjecting Plaintiff to hours of confinement within a flooded cell was cruel and inhumane, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

27. Defendants were aware of the flooding of Plaintiff's cell and failed to take appropriate and timely measures to remedy the conditions.

**AS AND FOR A THIRD CAUSE OF ACTION
AGAINST DEFENDANTS COUNTY OF ERIE AND
ERIE COUNTY SHERIFF TIMOTHY HOWARD, ABOVE-NAMED,
THE PLAINTIFF, JASON WASHINGTON, ALLEGES:**

28. Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. At the time of this incident, March 9, 2021, Defendants COUNTY OF ERIE and ERIE COUNTY SHERIFF TIMOTHY HOWARD were aware of their officers' pervasive use of excessive force, unsanitary confinement, and deprivation of medical treatment.

30. Defendants faced several civil claims containing similar claims of excessive force, unsanitary confinement, and deprivation of medical treatment. See Tulloch v. Erie County Holding Ctr. (WDNY 10-CV-0207S); Belsito v. Cty. of Erie (WDNY 19-CV-215-MJ); Wyatt v. Cty. of Erie (WDNY 1:17-cv-446-wks).

31. At the time of this incident, March 9, 2021, Defendants COUNTY OF ERIE and ERIE COUNTY SHERIFF TIMOTHY HOWARD were aware of the need to implement more or better policies, training, and supervision with regard to the use of force, medical attention, and minimal due process by Defendants' officers (including the Individual Defendants), but had failed to take adequate corrective or preventative measures.

32. Defendants COUNTY OF ERIE and ERIE COUNTY SHERIFF TIMOTHY HOWARD's failure to implement adequate policies, training, and supervision regarding the use of force, medical attention, and minimal due process and the failure to adequately investigate or discipline against the same, gave their officers (including the Individual Defendants) the sense that they could use or permit the use of excessive force, restrict medical care, and force unsanitary conditions with impunity.

33. The violation of Plaintiff's constitutional rights alleged above was caused by a custom or policy of the COUNTY OF ERIE and ERIE COUNTY SHERIFF TIMOTHY HOWARD tolerating, ratifying, acquiescing, and remaining deliberately indifferent to the use of excessive force, medical deprivation, and unsanitary conditions by their officers in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANTS, ABOVE-NAMED,
## THE PLAINTIFF, JASON WASHINGTON, ALLEGES:

34. Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. While in the custody of Defendants, Plaintiff JASON WASHINGTON had physical injuries which required serious medical attention, which were deliberately disregarded.

36. The aforesaid actions constituted deprivation of the rights and privileges of Plaintiff, secured and protected to his by the Eighth and the Fourteenth Amendments of the Constitution and Laws of the United States.

37. As a result of the aforesaid actions, Plaintiff was unlawfully subject to cruel and inhuman treatment, was deprived of due process and otherwise tortuously and maliciously harmed by the actions of the Defendants, in violation of Title 42 of the United States Code § 1983, et. Sec.

38. Defendants COUNTY OF ERIE and ERIE COUNTY SHERIFF TIMOTHY HOWARD are liable for failing and omitting to have comprehensive policies, procedures and/or guidelines established and in place and failing to appropriately train and supervise members of its police department with respect to recognizing and addressing a serious medical need.

39. As a result of the alleged incident hereinbefore described, Plaintiff sustained great pain and suffering and physical anguish.

40. The action falls within one or more of the exceptions set forth in CPLR § 1602.

41. As a result of the foregoing, Plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests a judgment:

42. Declaring that Defendants' actions and omissions as stated above violated Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. Sec. 1983.

43. Awarding Plaintiff compensatory damages against all Defendants in an amount to be determined.

44. Awarding Plaintiff punitive damages against the Individual Defendants in an amount to be determined.

45. Awarding Plaintiff the costs of this litigation and reasonable attorney's fees and expenses pursuant to 42 U.S.C. Sec. 1983 and Sec. 1988.

46. Awarding such other and further relief as the Court deems just and proper.

DATED:     Buffalo, New York
               July 29, 2023                                 **PENBERTHY LAW GROUP LLP**

                                                                By: /s/ Brittany L. Penberthy
                                                                 BRITTANY L. PENBERTHY, ESQ.
                                                                 Attorneys for Plaintiff
                                                                 Office and P.O. Address
                                                                 227 Niagara Street
                                                                 Buffalo, New York 14201
                                                                 (716) 803-8400