UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON WASHINGTON<br>     *Plaintiff*,<br> v.<br><br>COUNTY OF ERIE,<br>ERIE COUNTY SHERIFF TIMOTHY B. HOWARD,<br>ERIE COUNTY SHERIFF SERGEANT WILGUS,<br>ERIE COUNTY SHERIFF DEPUTY McKEE<br>(i/s/h/a DEPUTY McGEE),<br>ERIE COUNTY SHERIFF DEPUTY WALKER,<br>ERIE COUNTY SHERIFF'S DEPUTIES /<br>SERGEANTS / LIEUTENANTS / CORRECTIONS<br>OFFICERS JOHN AND JANE DOES,<br><br>     *Defendants*. | **ANSWER WITH JURY**<br>**TRIAL DEMAND**<br><br>C.A. No. 23-cv-00926 |

   Defendants County of Erie, Erie County Sheriff Timothy B. Howard, Erie County Sheriff Sergeant Wilgus, Erie County Sheriff Deputy McKee (incorrectly sued herein as Deputy McGee), and Erie County Sheriff Deputy Walker, by and through their attorney, Jeremy C. Toth, Erie County Attorney, Erin E. Molisani, Esq., Assistant County Attorney, as and for an Answer to plaintiff's Complaint, hereby respond upon information and belief as follows:

   1.  Admit the allegations in paragraph 1.

   2.  Admit the allegations in paragraph 2.

   3.  Admit the allegations in paragraph 3.

   4.  Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.

   5.  Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5.

   6.  Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Deny the employment characterization in paragraph 7, and otherwise deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Deny the allegations in paragraph 13.

14. Deny the allegations in paragraph 14.

15. Deny the allegations in paragraph 15.

16. Deny the allegations in paragraph 16.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Repeat and re-allege each and every admission and/or denial in paragraphs 1-17.

19. Deny the allegations in paragraph 19.

20. Deny the allegations in paragraph 20.

21. Deny the allegations in paragraph 21.

22. Deny the allegations in paragraph 22.

23. Deny the allegations in paragraph 23.

24. Repeat and re-allege each and every admission and/or denial in paragraphs 1-23.

25. Deny the allegations in paragraph 25.

26. Deny the allegations in paragraph 26.

27. Deny the allegations in paragraph 27.

28. Repeat and re-allege each and every admission and/or denial in paragraphs 1-27.

29. Deny the allegations in paragraph 29.

30. Deny the allegations in paragraph 30.

31. Deny the allegations in paragraph 31.

32. Deny the allegations in paragraph 32.

33. Deny the allegations in paragraph 33.

34. Repeat and re-allege each and every admission and/or denial in paragraphs 1-33.

35. Deny the allegations in paragraph 35.

36. Deny the allegations in paragraph 36.

37. Deny the allegations in paragraph 37.

38. Deny the allegations in paragraph 38.

39. Deny the allegations in paragraph 39.

40. The allegations in paragraph 40 are statements of law or legal conclusions such that no response is required. To the extent a response is required, the allegations are denied.

41. Deny the allegations in paragraph 41.

42. The allegations in paragraph 42 are statements of law or legal conclusions such that no response is required. To the extent a response is required, the allegations are denied.

43. The allegations in paragraph 43 are statements of law or legal conclusions such that no response is required. To the extent a response is required, the allegations are denied.

44. The allegations in paragraph 44 are statements of law or legal conclusions such that no response is required. To the extent a response is required, the allegations are denied.

45. The allegations in paragraph 45 are statements of law or legal conclusions such that no response is required. To the extent a response is required, the allegations are denied.

46. The allegations in paragraph 46 are statements of law or legal conclusions such that no response is required. To the extent a response is required, the allegations are denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

47. Plaintiff's action is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

48. Defendants are protected by the doctrine of absolute immunity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

49. Defendants are protected by the doctrine of qualified immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

50. Upon information and belief, plaintiff's Complaint is barred, in whole or in part, upon the grounds of any sovereign, governmental, or qualified immunity available to municipalities and their employees.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

51. The damages alleged in the complaint were caused, in whole or in part, by the culpable conduct, want of care, and/or assumption of risk on the part of plaintiff and without any negligence, fault, or want of care on the part of defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

52. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

53. Under relevant state and federal law, punitive damages cannot be awarded against certain municipal defendants.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

54. Any damages complained of were caused by the culpable conduct of others over whom defendants exercised no control and for whom defendants bear no responsibility.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

55. Any award for plaintiff must be reduced by the amount he has received or will receive from collateral sources.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

56. Upon information and belief, plaintiff's Complaint is barred, in whole or in part for failure to comply with Article 4 of the General Municipal Law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

57. Plaintiff's Complaint is barred, in whole or in part, on the grounds that the actions of defendants did not violate any of plaintiff's constitutional rights.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

58. Plaintiff's Complaint is barred, in whole or in part, on the grounds that the actions of defendants were without malice, prejudice or bias and were objectively reasonable under the totality of the circumstances.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

59. One or more defendant is not subject to this Court's jurisdiction due to a lack of personal jurisdiction and lack of proper service of process.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

60. Plaintiff has failed to mitigate damages herein.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

61. That upon information and belief, defendants had no actual or constructive notice of the alleged predisposition of the officer(s) involved.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

62. That defendants are immune in the instant suit from any liability to plaintiff for damages, since defendants acted toward plaintiff in good faith and with an objectively reasonable belief that its actions were lawful and not in violation of any of plaintiff's clearly established constitutional rights. Consequently, plaintiff's claims must be dismissed.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

63. That plaintiff has failed to exhaust his administrative remedies, and as such, this action is subject to dismissal.

### JURY TRIAL DEMAND

64. A trial by jury is hereby demanded.

**WHEREFORE**, defendants County of Erie, Erie County Sheriff Timothy B. Howard, Erie County Sheriff Sergeant Wilgus, Erie County Sheriff Deputy McKee (incorrectly sued herein as Deputy McGee), and Erie County Sheriff Deputy Walker demand judgment as follows:

    a)    dismissing the Complaint herein together with the costs and disbursements of this action, an award of attorneys' fees pursuant to Fed. R. Civ. P. 54 and 42 U.S.C. §1988;

      b)     directing that plaintiff's damages, in the event plaintiff is entitled to recover, be diminished by the proportion which his culpable conduct bear to the culpable conduct which caused or contributed to said damages;

      c)     granting such other and further relief in favor of defendants as the Court deems just and proper, together with the costs and disbursements of this action.

Dated:     September 5, 2023
              Buffalo, New York

**JEREMY C. TOTH**
*Erie County Attorney*

By: *s/ Erin E. Molisani*
Erin E. Molisani
Assistant County Attorney
95 Franklin Street, Room 1634
Buffalo, New York 14202
Telephone: (716) 858-2216
Email: erin.molisani@erie.gov

To:     Brittany L. Penberthy, Esq.
        **PENBERTHY LAW GROUP, LLP**
        *Attorneys for plaintiff*
        227 Niagara Street
        Buffalo, New York 14201
        Telephone: (716) 803-8400
        Email: bpenberthy@thepenlawgroup.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 5, 2023, I mailed the foregoing Notice of Removal, by the United States Postal Service, to the following individuals:

    Brittany L. Penberthy, Esq.
    **PENBERTHY LAW GROUP, LLP**
    *Attorneys for plaintiff*
    227 Niagara Street
    Buffalo, New York 14201
    Telephone: (716) 803-8402
    Email: bpenberthy@thepenlawgroup.com

Dated:    Buffalo, New York
           September 5, 2023        **JEREMY C. TOTH**
                                     *Erie County Attorney*

                                              *s/ Erin E. Molisani*
                                              Erin E. Molisani
                                              Assistant County Attorney
                                              95 Franklin Street, Room 1634
                                              Buffalo, New York 14202
                                              Telephone: (716) 858-2216
                                              Email: Erin.Molisani@erie.gov